IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-466-N-BN |
| | § | |
| CORTLAND PARTNERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lawrence E. Hicks filed a *pro se* complaint against Defendant Cortland Partners, LLC, alleging that the Court has subject matter jurisdiction based on diversity, under 28 U.S.C. § 1332, and that, by failing to return a negotiable instrument that Hicks unilaterally sent to Cortland, Cortland breached a contract with Hicks and refused to fulfill its fiduciary duties to Hicks. *See* Dkt. No. 3.

Hicks also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So Chief United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Hicks's IFP motion [Dkt. No. 4], which subjects the allegations in the complaint to judicial screening under 28 U.S.C. § 1915(e).

But "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted). So the Court must initially assure itself

that it has subject matter jurisdiction over this case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

And, because the complaint fails to show that there is subject matter jurisdiction and, in the alternative, even if there is subject matter jurisdiction, Hicks has not alleged a claim on which relief may be granted, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit.

**Discussion**

**I. Hicks fails to show that the Court has subject matter jurisdiction.**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). And "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

Federal courts must therefore "presume that a suit lies outside this limited

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas*, 526 U.S. at 583-84.

Hicks chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, if Hicks does not establish federal jurisdiction, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case

if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an

allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31,

2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

While Hicks cites the Federal Reserve Act and the Truth in Lending Act in the civil cover sheet, *see* Dkt. No. 3 at 3, merely citing a federal statute does not establish jurisdiction under Section 1331 where no facts alleged in the complaint could demonstrate a violation of the statute cited.

So the sole basis for federal subject matter jurisdiction apparent – based on the facts alleged in the complaint – is diversity. But Hicks fails to allege that his citizenship is diverse from Cortland's. In fact, he alleges that he and Cortland are both resident in Dallas County, Texas. *See* Dkt. No. 3. The Court should therefore dismiss this lawsuit for lack of subject matter jurisdiction.

**II. In the alternative, if Hicks has shown that the Court has subject matter jurisdiction, Hicks still fails to allege a claim on which relief may be granted.**

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is therefore "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see, e.g.*, *Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("A plaintiff can allege that objects dropped in water generally get wet; the defendant dropped an object in water; and that it is therefore highly likely the object got wet. Sure, it is possible that the defendant's particular object somehow escaped the water by landing on a boat or an animal. But just as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" (or from which the Court may reasonable infer) that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Here, if the Court were to find that this lawsuit should not be dismissed for lack of subject matter jurisdiction – or if Hicks may amend his allegations to cure the jurisdictional deficiencies set out above – the Court should still dismiss this lawsuit, because Hicks fails to allege a claim on which relief may be granted.

Hicks alleges that Cortland's failing to return a negotiable instrument that

Hicks sent to it unprompted results in a breach of contract (presumably between Cortland and Hicks) and a breach of fiduciary duties (presumably owed by Cortland to Hicks).

Starting with the breach-of-contract claim, "[f]orming a valid contract under Texas law" (the law that Hicks cites in the complaint) "requires: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (cleaned up).

"Once a valid contract is formed, to assert a claim for its breach under Texas law, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Id.* (cleaned up).

But Hicks fails to allege facts to support all (if any) of the required elements.

The same is true for the alleged breach of fiduciary duty where Hicks, for example, fails to even offer facts that could show the existence of a fiduciary relationship between Cortland and him. *See, e.g.*, *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting,

in turn, *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. – Dallas 2010, no pet.)))).

**Recommendation**

The Court should dismiss this lawsuit for lack of subject matter jurisdiction or, in the alternative, because the complaint fails to allege a claim on which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE